UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JESUS VALDEZ DUARTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00323-WTL-DLP |
| | ) | |
| J.E. KRUEGER, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Granting *In Forma Pauperis* Status,
Screening Complaint,
and Directing Issuance and Service of Summons**

**I. *In Forma Pauperis* Status**

Plaintiff Jeses Valdez Duarte's motion for leave to proceed *in forma pauperis*, Dkt. No. 2, is **granted** because the Court finds that plaintiff does not have the assets or means to pay even an initial partial filing fee. Because the Prison Litigation Reform Act mandates that a prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee, 28 U.S.C. § 1915(b)(4), plaintiff will be granted a waiver of payment of the initial partial filing fee in this case. He is still obligated, however, to pay the full three hundred and fifty dollar ($350.00) filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2); *see id.* § 1915(b)(1). "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996).

**II. Screening of the Complaint**

Because plaintiff is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A. This statute directs that the court shall dismiss a complaint or any claim within

a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Mr. Duarte is a federal prisoner at the United States Penitentiary at Terre Haute, Indiana. He asserts that he suffers from Hepatitis C and despite repeated requests for treatment, prison officials will not treat him and have denied all of his medical requests. He seeks injunctive relief in the form of treatment with proper medications such as Harvoni and/or Sovaldi to prolong his life. Mr. Duarte also seeks monetary damages. Additionally, Mr. Duarte asks to join a class action lawsuit on this issue.

Construing the pro se complaint liberally, Mr. Duarte presents a constitutional claim against Warden J.E. Krueger in his official capacity for injunctive relief. **This claim shall proceed**. But the complaint fails to state a *Bivens* claims, *see Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), as no specific allegations of personal participation are made against Warden Krueger. To the extent Mr. Duarte is attempting to name the USP Terre Haute "Medical Services" as a defendant, that attempt must fail because "Medical Services" is not a proper defendant in a *Bivens* action.

Mr. Duarte wishes to pursue his *Bivens* claims, he may file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure to bring appropriate *Bivens* claims related to his Hepatitis C condition.

The Court will address Mr. Duarte's request for a hearing on injunctive relief after defendant has appeared. Concerning a class action lawsuit, the Court is unaware of any class action proceeding against the Bureau of Prisons on Mr. Duarte's issue. If such a class exists, defendant shall inform the Court of that fact at his earliest opportunity.

### III. Issuance and Service of Process

The **clerk is directed** to issue a single summons to Warden J.E. Krueger, the United States attorney for this district and the Attorney General of the United States at Washington, D.C., pursuant to Fed. R. Civ. P. 4(i)(1). The Marshal for this District or his Deputy shall serve the summons, together with a copy of the complaint (Dkt. No. 1) and a copy of this Order, on defendant Warden J.E. Krueger at the expense of the United States.

Service may be made by **registered or certified mail** at the expense of the United States.

## IV. Obligation to Update Address

The Court must be able to communicate with pro se parties through the United States mail. While this action is pending, plaintiff shall report any change of address to the Court, in writing, within ten days of any change. The failure to keep the Court informed of a current mailing address may result in the dismissal of this action for failure to comply with Court orders and failure to prosecute.

**IT IS SO ORDERED**.

Date: 7/25/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jesus Valdez Duarte
60931-079
Terre Haute U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, In 47808

Warden J.E. Krueger
United States Penitentiary Terre Haute Indiana
U.S. Penitentiary
4700 Bureau Road South
Terre Haute, IN 47802

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204